UNITED STATES DISTRICT COURT WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| JOHANNA DALTON; a single person,<br><br>                        Plaintiff,<br><br>                   v.<br><br>BILL SPEIDEL ENTERPRISES, Inc., dba BILL SPEIDEL'S UNDERGROUND TOUR; and BRIAN HOUGHTON, and the marital community of BRIAN HOUGHTON and JANE DOE HOUGHTON;<br><br>                        Defendant(s). | Case No.<br><br>COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES, FOR GENDER DISCRIMINATION AND RETALIATION IN VIOLATION OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, 42 U.S. CODE §2000e, ET SEQ. AND THE WASHINGTON STATE LAW AGAINST DISCRIMINATION, RCW CHAPTER 49.60<br><br>JURY TRIAL DEMANDED |

Now comes plaintiff Johanna Dalton, by and through counsel, and as her complaint against defendants states as follows:

I.      <u>PARTIES</u>

COMPLAINT – PAGE - 1

1.1     Plaintiff Johanna Dalton (hereinafter "Plaintiff" or "Dalton") was and is at all times relevant hereto, a resident of the City of Seattle residing wholly within the Western District of Washington.

1.2     Defendant Bill Speidel, Inc. dba Bill Speidel's Underground Tour (hereinafter "Underground Tour") was and is at all times relevant hereto, a Washington for-profit corporation with more than fifteen employees with offices and doing business in Seattle, Washington wholly within the Western District of Washington.

1.3     Defendant Brian Houghton (hereinafter "Houghton") is and was at all times relevant hereto, resident of Vashon Island, King County, Washington wholly within the Western District of Washington.  The marital community of Brian and Jane Doe Houghton also resides in Vashon Island, King County, Washington.

## II.     JURISDICTION AND VENUE

2.1     This court has jurisdiction over this matter by virtue of 28 U.S.C. §1331.

2.2     Venue lies in this Court by virtue of 28 U.S.C. §1391(b)(2).

## III.    EXAUSTION OF ADMINISTRATIVE REMEDIES

3.1     Dalton timely filed a charge of discrimination with the Washington State Human Rights Commission and the Equal Employment Opportunity Commission on July 17, 2018.

3.2     On May 14, 2019 the EEOC issued a Notice of Right to Sue to Dalton.

3.3     This complaint is filed within 90 days of the Notice of Right to Sue.

COMPLAINT – PAGE - 2

IV.   EVENTS:

4.1   Dalton was hired on or about June 13, 2016 by Defendant Underground Tour as a marketing administrative assistant.

4.2   At all times during her employment, Dalton performed at and usually above expectations and was given ever increasing responsibilities for the next two years.

4.3   Dalton and each of the other administrative assistants at Defendant Underground Tour were female.

4.4   During her tenure at Defendant Underground Tour she was required to perform ever increasing levels of responsibility so that she was, in effect, working at the same level as several male managers who were earning considerably more in compensation than she was.

4.5   Though never provided with job descriptions, Dalton and her administrative assistant colleagues understood that their job consisted of answering phones and emails, working on tour guide schedules, tracking attendance, tallying tour guide pay, cashing in and out floor employees, and processing customer funds.  Her starting salary was $35,000 and as an hourly employee was required to clock in and out.

4.6   Almost immediately after she began, Dalton was assigned various managerial duties by former employees Rick McCurley, then the General Manager, and Bonnie Barcellos, former Human Resources professional and Tour Guide Manager.

COMPLAINT – PAGE - 3

4.7     Starting in the summer of 2016 and through the next year, numerous managerial employees exited the company for various reasons.  With these departures Dalton was given even more managerial responsibilities.  Other administrative assistants were also given additional managerial responsibilities.  None of these females received pay increases that approached the level of compensation of the departing male managers even though they were performing the great bulk of their work.

4.8     At various times over the period between the beginning of 2017 and mid-2018, Dalton expressed good faith concerns to GM McCurley that she and her female colleagues were getting paid considerably less than the male managers.

4.9     While Dalton and the other female administrative assistants were given small raises by Defendant Houghton at the end of 2017 who told Dalton that "I hope it was enough", it still was considerably less compensation than the male managers were earning.

4.10    By May 2018, part of Dalton's job was to train the new male Operations Manager who had recently been hired, during which time she learned that he was earning at least $15,000 more than she was even though she had been performing his duties and was tasked with training him to perform them.

4.11    During the spring of 2018 and most recently towards the end of May 2018, Ms. Dalton raised these pay issues in good faith with GM McCurley, who in turn, on information and belief, informed Defendant Houghton of her concerns and claims.

COMPLAINT – PAGE - 4

4.12    After GM McCurley departed the company on or about June 8, 2018, Defendant Houghton announced that he was assuming General Manager duties. After that, on June 13, 2018 Dalton wrote in good faith to Defendant Houghton asking why she was not being compensated equally to the new Operations Manager when she was not only training him but performing much of the same work.

4.13    Although he announced that he was assuming General Manager duties Defendant Houghton, who resides on Vashon Island, did not physically attend to duties at the workplace in Pioneer Square, Seattle, and as a result, operational problems were considerable.

4.14    Dalton did not receive a response to her compensation question but did get a directive from Defendant Houghton not to leave her upstairs work area. However, because of the lack of a leader at the workplace, many of the critical duties were being unattended and Ms. Dalton determined that in order to protect the company she had to perform these duties and in doing so left her upstairs work area.

4.15    During this time she also sent a text message to a coworker containing an expletive about the conditions at work which was given to Defendant Houghton.

4.16    On or about June 25, 2018 Defendant Houghton wrongfully claimed that Dalton had been insubordinate for performing tasks that she was prohibited from doing and for sending a derisive text to a coworker.

4.17    Defendant Houghton, acting on behalf of himself, Defendant Underground Tours, acted with malice or reckless indifference of Dalton's federally protected rights.

COMPLAINT – PAGE - 5

## V.  FIRST CAUSE OF ACTION:
## DISCRIMINATION AND RETALIATION IN VIOLATION OF THE US CIVIL RIGHTS ACT OF 1964, AS AMENDED, 42 U.S.C. 2000e, ET SEQ.

5.1   Plaintiff Johanna Dalton realleges paragraphs 1.1 through 4.17 as if fully set forth herein.

5.2   Defendants and each of them discriminated against Plaintiff by paying her less than male employees who were doing substantially the same amount of work as she for Defendant Underground Tour.

5.3   Defendants and each of them retaliated against Plaintiff for raising good faith issues about the disparity in pay between her and male employees when she was terminated on June 25, 2018.

5.4   By virtue of the foregoing Defendants and each of them violated 42 U.S.C. Section 2000e-2(a)(1) and 2000e-3(a).

5.5   As a direct and proximate result of said unlawful activities, Defendants and each of them have caused and continue to cause Plaintiff economic damages in the form of lost wages and benefits, and compensatory damages in the form of emotional distress, anxiety, mental anguish, humiliation, embarrassment, and loss of enjoyment of life.

5.6   By virtue of the fact that Defendants and each of them acted with malice or reckless indifference to Plaintiff's federally protected rights, they are liable for punitive damages up to the maximum amount allowed by law.

COMPLAINT – PAGE - 6

VI. SECOND CAUSE OF ACTION: DISCRIMINATION AND RETALIATION IN VIOLATION OF THE WASHINGTON STATE LAW AGAINST DISCRIMINATION, RCW CHAPTER 49.60

6.1 Plaintiff Johanna Dalton realleges paragraphs 1.1 through 5.6 as if fully set forth herein.

6.2 Defendants and each of them discriminated against Plaintiff by paying her less than male employees who were doing substantially the same amount of work as she for Defendant Underground Tour.

6.3 Defendants and each of them retaliated against Plaintiff for raising good faith issues about the disparity in pay between her and male employees when she was terminated on June 25, 2018.

6.4 By virtue of the foregoing, Defendants and each of them violated RCW 49.60.030, RCW 49.60.180 and RCW 49.60.210.

6.5 As a direct and proximate result of said unlawful activities, Defendants and each of them have caused and continue to cause Plaintiff economic damages in the form of lost wages and benefits, and compensatory damages in the form of emotional distress, anxiety, mental anguish, humiliation, embarrassment, and loss of enjoyment of life.

VII. PRAYER FOR RELIEF

COMPLAINT – PAGE - 7

Wherefore, plaintiff Johanna Dalton prays that the Court order and grant the following relief:

1. Permanent injunctive relief prohibiting Defendants and each of them from continuing to violate the State and Federal laws against gender discrimination;

2. Economic damages in the form of past and future wages and benefits and compensatory damages up to the maximum amount allowed by law;

3. Punitive damages as allowed by 42 U.S.C. Section 1981(a)(b)(1);

4. Pre- and post judgment interest at the highest allowable rate;

5. Litigation costs including reasonable attorney's fees, in accordance with law; and

6. Such other and different relief as the Court deems reasonable and just.

RESPECTFULLY submitted this 6th day of August, 2019.

THE ROSEN LAW FIRM

By: /s/ Jon Howard Rosen

Jon Howard Rosen, WSBA #7543
Attorney for Plaintiff

COMPLAINT – PAGE - 8